IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NIKOLAOS VASTARDIS,<br>EVRIDIKI NAVIGATION, INC.,<br>LIQUIMAR TANKERS MANAGEMENT<br>SERVICES, INC.,<br>Defendants. | Criminal No. 19-66-RGA |

**MEMORANDUM ORDER**

Before me is Defendants' Motion to Dismiss Indictment. (D.I. 41). The Parties have briefed the issue. (D.I. 47, 57, 62, 74, 76).[1] I will deny Defendants' motion to dismiss.

I.  **BACKGROUND**

Large ocean-going vessels like the Defendants' M/T Evridiki, produce a considerable volume of oily waste. (D.I. 16 at ¶ 5). Acceptable methods for disposing of oily waste are discharge overboard after passing through an Oily Water Separator that limits the discharged effluent to 15 parts per million of oil or less, as measured by an Oil Content Meter. (*Id.*). The International Convention for the Prevention of Pollution from Ships (MARPOL) requires that for large oil tankers, discharge or disposal of oily waste must be recorded in an Oil Record Book. (*Id.* at ¶ 6, citing 33 C.F.R. § 151.25(d)(4)). Based on an inspection of the M/T Evridiki by the

---

[1] I handled a very similar case (Cr. Act. No. 19-58-RGA) with which all counsel were familiar. (D.I. 75 at 169:22-171:7). For the most part, the motion to dismiss was denied at the September 4th hearing. (D.I. 73). The Defendants later noted that the Oral Order understated the Defendants' "willfully causing" challenge. (D.I. 76 at 1-2).

1

United States Coast Guard, the government has charged Defendants in a four-count indictment with crimes related to MARPOL violations and its implementing regulations. (*See id.*).

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged. The federal rules were designed to eliminate technicalities in criminal pleadings and are construed to secure simplicity in procedure." *United States v. Huet*, 665 F.3d 588, 594 (3d Cir. 2012). An indictment is facially sufficient if it: (1) contains the elements of the offense; (2) sufficiently apprises the defendant of what he must be prepared to contest; and (3) allows the defendant accurately to show to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. *Id.* at 595. "'[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation' to permit a defendant to prepare his defense and invoke double jeopardy." *Id.* If a count of the indictment states a crime, it cannot be dismissed based on allegations or proof that the Government cannot prove the charge. *USA v. DeLaurentis*, 230 F.3d 659 (3d Cir. 2000).

## III. DISCUSSION

I previously denied Defendants' Motion to Dismiss in its entirety except as to counts relating to willfulness. (D.I. 73). My reasoning is reflected in the record of the September 4, 2019 hearing. I turn here to Defendants' "willfully causing" challenge. (D.I. 76 at 1-2).

Defendants argue that the indictment fails due to defects in the charging language. As to aiding and abetting allegations, Defendants state that the indictment is defective because it does not include language charging "willful" causation. (*Id.*). As to Count One, Defendants argue that the indictment defectively alleges that Defendants "did knowingly… cause the failure to

2

maintain an Oil Record Book," whereas the elements of the offense require a "knowing failure." (D.I. 47 at 26).

Binding Third Circuit precedent holds that the government is not required expressly to state willfulness in an indictment simply because the government is proceeding on a "willfully causing" theory under 18 U.S.C. §2(b). *United States v. Krogstad*, 576 F.2d 22, 29 (3d Cir. 1978). Given *Krogstad*, and along with the pleading requirements set out by the Federal Rules of Criminal Procedure, I find that the indictment's omission of an allegation of willfulness is not a cognizable legal basis for dismissing the indictment. Defendants are clearly and sufficiently apprised of what they must be prepared to contest. *See Huet*, 665 F.3d at 595.

## IV. CONCLUSION

Defendants' Motion to Dismiss (D.I. 41) is **DENIED.**

IT IS SO ORDERED this  14  day of November 2019.

Richard G. Andrews
United States District Judge